IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JANICE D. GREEN, Personal Representative )
of the ESTATE of GLADYS I. GREEN, )
Deceased, )
 )
       Plaintiff, )
 ) Case No. 14-cv-94-GKF-TLW
v. )
 )
UNITED STATES OF AMERICA, )
 )
       Defendant. )

## OPINION AND ORDER

This matter comes before the court on defendant's Motion to Dismiss [Dkt. #10]. This case arises from the taxation of the estate of Robert C. Green, who died in 1980. Green was survived by his wife, Gladys I. Green and at least two children. Their daughter Janice is plaintiff in this case, and their son Robert G. is her attorney. Including this case, the Greens have filed six federal lawsuits since 2002 seeking a refund of taxes paid on Robert C. Green's estate. The first four lawsuits are listed and described in the order granting the United States' motion to dismiss in the fifth lawsuit. *Janice D. Green, as Personal Representative of the Estate of Gladys I. Green v. United States*, No. 12-cv-0484-CVE-FHM (N.D. Okla. April 3, 2013) (Dkt. #13, pp. 2-5).

The United States has sovereign immunity from suit, and must consent to be sued. *San Juan Cnty., Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014). That immunity can be waived, but it must be done so expressly and unequivocally. *Poche v. Joubran*, 644 F.3d 1105, 1108 (10th Cir. 2011). Such waivers are strictly construed in favor of the United States. *Id.* The

terms of the waiver define a court's jurisdiction to entertain a suit. *San Juan Cnty.*, 754 F.3d at 792.

There is an exception to the United States' sovereign immunity for tax refund claims, but that exception is limited by, *inter alia*, time limits for the filing of a claim in 26 U.S.C. §§ 6511(a), 7422(a). A refund claim must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). In this case, the estate tax was paid in 1996. Plaintiff admits a formal refund request was not filed until 2002. Thus, plaintiff has not satisfied § 6511's terms.

And yet, courts have not found a jurisdictional bar to a refund claim when an "informal" claim has been filed within § 6511's time frame. *See United States v. Kales*, 314 U.S. 186, 194 (1941). To toll the filing period, the informal claim must contain a written component during the filing period, must describe the claim with sufficient particularity to allow the IRS to undertake an investigation, and must be perfected by the filing of a subsequent formal claim. *See PALA, Inc. Employees Profit Sharing Plan and Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000). It is not enough that the IRS have "information somewhere in its possession from which it might deduce that the taxpayer is entitled to a refund." *Id*. (citing cases). Green recognizes that in earlier iterations of this case, the courts have concluded the Green family did not submit an informal claim. [*See* Dkt. #13, p. 5-6]. The Tenth Circuit, considering the same correspondence cited by plaintiff in this case—a set of letters to IRS and to Congress—concluded, "[n]one of the exhibits cited by Ms. Green demonstrate that the IRS knew that a refund claim was being made." *Green v. United States*, 428 F.App'x 863, 869 (10th Cir. 2011). Thus, collateral estoppel, or issue preclusion, prevents Green from arguing the correspondence

constituted an informal claim. *See Stan Lee Media, Inc. v. The Walt Disney Company*, 774 F.3d 1292, 1297 (10th Cir. 2014).

Green argues a separate doctrine, the "waiver doctrine," cures the inadequacies in the filing of the refund claim. The waiver doctrine applies when the claimant has filed an informal claim and the IRS acts on the merits of the claim before the taxpayer files a subsequent formal claim. *See Angelus Mining Co., v. Commissioner of Internal Revenue*, 325 U.S. 292, 297 (1945) (in light of other cases finding waiver in similar situations, "[i]t smacks too much of the strangling niceties of common law pleading to find no existing claim to which a curative amendment may be attached, although there has been an examination on the merits, simply because of the prior rejection of a formally defective claim. . . .").

Green has asserted the waiver doctrine unsuccessfully in at least one of the previous iterations of this case. *See* Compl. in *Green v. United States*, 4:10-CV-0080-CVE-FHM (N.D. Okla.) (Green IV), (Dkt. #1, p. 8) ("[w]hen the IRS waives formal refund claim requirements and conducts a complete audit based on an informal claim, a formal claim is not required."). Green's current waiver argument purports to rely on a new legal theory Green has recently discovered in the case *Blue v. United States*, 108 Fed. Cl. 61 (2012).

Green now argues the waiver doctrine is a "completely different" "ticket to court" than the informal claim doctrine. According to Green, "[t]he biggest difference is that a general 'informal claim' isn't audited and determined right away, and although the § 6511 statute is tolled, the taxpayer is still required to file an amended formal claim at a later date." [Dkt. #13, p. 8]. In effect, Green argues that if the IRS takes action on a case, it does not matter whether the taxpayer's communications with the IRS prior to the action satisfy the requirements of an informal claim. Thus, under Green's characterization of these two doctrines, a claimant whose

communication with the IRS fails to qualify as an informal claim may nevertheless avoid the United States' sovereign immunity if the IRS acts on whatever complaints the putative claimant has made. In this case, there were two audits of the taxation of the Robert C. Green estate conducted in response to complaints made by the Green family. As noted above, the rulings of previous courts, including the Tenth Circuit, preclude Green from arguing that those complaints amounted to an informal refund claim.

Green misunderstands the scope of the waiver doctrine. The waiver doctrine does not provide a separate "ticket to court" for taxpayers who have failed to submit an informal claim. Rather, the waiver doctrine operates when an informal claim has already been submitted, but not yet perfected, and the IRS adjudicates the claim. *See Blue v. United States*, 108 Fed. Cl. 61, 69 (2012) ("[t]he waiver doctrine . . . provides an exception to the formal refund claim requirements where the IRS has adjudicated *an informal claim* as if it were formal" and "where the IRS has adjudicated *a claim* that does not meet the formal requirements, those requirements are waived.") (emphases added). In other words, under the waiver doctrine, the IRS waives the requirement that the claimant *perfect* an informal claim with a formal one. The IRS does not waive the requirement that an informal claim be filed at all. "Waived claims," as Green calls them, are simply a type of informal claim.

In sum, Green is specifically precluded from arguing that an informal claim was submitted within the filing period, and the submission of an informal claim is necessary to any assertion of the waiver doctrine. Thus, Green is collaterally estopped from arguing the waiver doctrine applies. *See Stan Lee Media Inc.*, 774 F.3d at 1297 ("[a]s long as the issues are identical, 'issue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, *even if the issue arises when the party is pursuing . . . a different*

*claim.*'") (emphasis in *Stan Lee*) (quoting *Park Lake Res. LLC v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004)).

A properly filed refund claim is a "nonwaivable jurisdictional requirement[]" to the bringing of a lawsuit. *In re Graham*, 981 F.2d 1135, 1138 (10th Cir. 2004) ("[s]imply put, no claim, no refund."). Green's case must be dismissed for lack of subject matter jurisdiction.

WHEREFORE, defendant's Motion to Dismiss [Dkt. #10] is granted.

DATED this 12th day of March, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT